**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DASHAWN FRANCIS PARTLOW,

    Plaintiff,

vs.                                      CASE NO. 3:06-cv-892-J-25HTS

CITY OF JACKSONVILLE,

    Defendant.

_____

**O R D E R**

This cause is before the Court on Defendant's Motion to Compel Discovery from Plaintiff (Doc. #31; Motion), filed on July 25, 2007. Plaintiff filed her response on August 6, 2007. *See* Plaintiff's Response to Defendant's Motion to Compel (Doc. #32; Response).

On August 9, 2007, "[i]n light of the assertion contained in [the Response] that 'Plaintiff has complied with the Defense request[,]' Response at 2," Defendant was ordered to "inform the Court by no later than August 17, 2007, whether any outstanding issues remain in" the Motion. Order (Doc. #33) (third alteration in original). Defendant submitted the Reply to Plaintiff's Response to Defendant's Motion to Compel (Doc. #36; Reply) on August 17, 2007, wherein it indicates "Plaintiff has responded to Defendant's discovery requests[,]" but that "the substance of

Plaintiff's responses is inadequate in several respects." Reply at 1.  Additionally, it is noted that because "Plaintiff did not respond prior to the completion of [her] deposition[,] . . . Defendant . . . could not question Plaintiff concerning any of the information provided in the discovery responses[.]"  *Id.*

Ms. Partlow has not lodged any objections to the discovery at issue.  Instead she provides various reasons for her failure to respond.  *See* Response at 1.  Therefore, she will be given one more opportunity to fully answer the discovery requests, or face potential sanctions.  *See* Rule 37(c)(1), Federal Rules of Civil Procedure (Rule(s)) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions.").  In particular, with respect to Requests for Production 2, 7, 8, 10, 11, 12, 13, and 18, she must produce any requested document in her "possession, custody or control[,]" Rule 34(a), regardless of whether it can be obtained from a third party.  *See Pensacola Beach Cmty. United Church, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, No. 3:06cv236/RV/EMT, 2007 WL 737499, at *1 (N.D. Fla. Mar. 7, 2007) (quoting *Searock v.*

*Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."); *Gabby v. Maier*, No. 04-C-04765, 2006 WL 2794316, at *3 (E.D. Wis. Sept. 27, 2006) ("[T]he fact that documents are available from another source is not a valid basis, by itself, for refusing to produce such documents.").  If a document is not in her possession, custody, or control, she should indicate so in her response.

In light of the foregoing, the Motion (Doc. #31) is **GRANTED** to the extent Plaintiff shall respond to the outstanding discovery requests set forth in the Reply (Doc. #36) by no later than 5:00 p.m. on Friday, September 14, 2007.  If any extensions or other relief are necessitated by Plaintiff's responses, *see*, *e.g.*, Reply at 6, Defendant may file a motion at the appropriate time.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of August, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any

-3-